NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-2724

———————

OLVIN ALBERTO AGUILAR-PINEDA,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA-1: A058-232-045)
Immigration Judge: Audra Behne

———————

Submitted Under Third Circuit LAR 34.1(a)
on June 3, 2021

Before: AMBRO, HARDIMAN, and PHIPPS, Circuit Judges

(Opinion filed: June 9, 2021)

## OPINION[*]

AMBRO, <u>Circuit Judge</u>

Petitioner Olvin Alberto Aguilar-Pineda ("Aguilar") seeks review of a final order of removal denying his application for cancellation of removal. For the reasons explained below, we dismiss the petition for review for lack of jurisdiction.

## I.

Aguilar, a native and citizen of Honduras, entered the United States as a lawful permanent resident ("LPR") in 2005. In April 2018, he pled guilty in New Jersey Superior Court to sexual conduct "which would impair or debauch the morals of [a] child" in violation of New Jersey's child endangerment statute, N.J. Stat. Ann. § 2C:24–4(a)(1). The indictment alleged that in June 2016 he had sexual contact with an underage girl. The New Jersey court found that the victim was over sixteen years old but less than eighteen years old and sentenced Aguilar to 364 days' imprisonment, three years' probation, and subjected him to reporting and registration requirements for sex offenders under Megan's Law. In October 2018, the Government served Aguilar with a Notice to Appear, charging him as removable for having committed "a crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i). Aguilar conceded he

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

was removable and applied for cancellation of removal for lawful permanent residents under 8 U.S.C. § 1229b(a).

The immigration judge ("IJ") agreed with the Government that Aguilar was statutorily eligible for cancellation of removal, but still denied relief as a matter of discretion. The Board of Immigration Appeals ("BIA") dismissed the appeal and affirmed the IJ's decision. Aguilar timely petitioned us for review.

## II.

To be eligible for cancellation of removal, a noncitizen must satisfy certain statutory requirements (*i.e.*, at least five years as an LPR, at least seven years of continuous residence, and no aggravated felony convictions). *See* 8 U.S.C. § 1229b(a). Even if a noncitizen is statutorily eligible, the relief is discretionary and may be denied after considering the positive and negative equities in the case. *See Moncrieffe v. Holder*, 569 U.S. 184, 204 (2013).

We lack jurisdiction to consider the "discretionary aspects of the denial of cancellation of removal." *Khan v. Att'y Gen.*, 979 F.3d 193, 197 (3d Cir. 2020) (citing *Singh v. Att'y Gen.*, 807 F.3d 547, 549 n.3 (3d Cir. 2015) (citing 8 U.S.C. § 1252(a)(2)(B)(i))). Although we "retain jurisdiction over determinations regarding statutory eligibility," *see id.*, the parties do not dispute that Aguilar is eligible for cancellation of removal, *see* AR 274 ("The Government does not dispute that [Aguilar] has met the prongs of [8 U.S.C. § 1229b(a)].").

Here, Aguilar essentially asks us to reconsider the IJ's discretionary decision. For instance, he argues that the IJ "placed excessive weight on [his] solitary conviction in

3

light of the substantial equities." Aguilar's Br. at 8. But the weighing of equities is at the heart of any discretionary denial of relief. *See Moncrieffe*, 569 U.S. at 204; *cf. Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020) ("[D]isagreement about weighing hardship factors is a discretionary judgment call, not a legal question.").

We do retain jurisdiction over "constitutional claims or questions of law." *Hernandez-Morales*, 977 F.3d at 249 (quoting 8 U.S.C. § 1252(a)(2)(D)). However, we are not persuaded by Aguilar's attempts to "dress up factual findings and discretionary decisions as constitutional violations." *Id.* at 248. For instance, Aguilar argues his due process rights were violated because the IJ improperly concluded he lacked remorse. But at best he is challenging a factual determination and "[c]alling it a due process challenge does not make it so." *Id.* at 249. We agree with the BIA that the IJ appropriately considered "any evidence of rehabilitation and remorse." AR 4; *see* AR 278 (the IJ considering and rejecting Aguilar's argument that he demonstrated remorse).

Aguilar also argues his due process rights were violated because the IJ ignored key evidence, such as his effort and capacity for rehabilitation. Once again, these arguments merely ask us to review the IJ's exercise of discretion, which even Aguilar implicitly acknowledges. Aguilar's Br. at 7 ("This was left out of the Immigration Judge's consideration as a result of placing *undue weight* on the conviction.") (emphasis added). In any event, the BIA and the IJ are "not required to write an exegesis on every contention . . . but only to show that [they have] reviewed the record and grasped the movant's claims." *See Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002) (internal quotation marks and citation omitted). That requirement was clearly met here, and we

4

are satisfied that the IJ's decision (which was adopted by the BIA) carefully and adequately considered the positive and negative equities in this case. *See* AR 3–4, 270– 279.

\* \* \* \* \*

For the reasons explained above, we dismiss the petition for lack of jurisdiction.